# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MARK BALDWIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 08-CV-03077-S-DW |
| ) | |
| KAREN FISCHER-SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. 9). Despite their burden, Defendants failed to file a response.

Plaintiff argues that remand is necessary as all of the named Defendants did not consent to removal. Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) ("The general removal statute, see 28 U.S.C. § 1446(b), permits a notice of removal to be filed within 30 days after receipt of the pleading and has been interpreted to require that all defendants must consent to the removal.").

On March 3, 2008, Defendant Karen Fischer-Smith filed her notice of removal to this Court. (Doc. 1). In her removal, Defendant states that "[u]pon information and belief no other defendant opposes this Notice and Petition for Removal." The Court finds this statement does not constitute consent to removal. See Pritchett, 512 F.3d 1062 (" There must . . . 'be some timely filed written indication from each served defendant,' or from some person with authority to act on the defendant's behalf, indicating that the defendant 'has actually consented' to the removal.")(internal citations omitted).

The question then becomes whether Defendant Hall's Answer to Plaintiff's Complaint, filed in this Court on March 25, 2008, constitutes "timely filed written indication" of consent to removal.[1] Defendant, however, is required to file notice of consent within thirty-days of service. Amteco, Inc. v. BWAY Corp., 241 F.Supp.2d 1028, 1030 (E.D.Mo. 2003). Even assuming that Defendant's answer constitutes as proper consent, it was filed thirty-one days after service in state court and thus is untimely and invalid. While this is a mere one-day delay, removal statues must be strictly construed. Id.

IT IS HEREBY ORDERED that plaintiff's motion to remand is GRANTED. The Clerk of Court is directed to remand this case to the 44th Judicial Circuit Court of Douglas County, Missouri, from which it was removed.

Dated: April 24, 2008 .    /s/ Dean Whipple
**DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE**

---

[1] While exceptions to the rule of unanimous Defendant consent do exist, Defendant failed to articulate any such exceptions and the Court finds that no such exceptions appear applicable.